**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-20801-BLOOM/Elfenbein**

NADINE RICHARDS HYMAN,

Plaintiff,

v.

CARNIVAL CORPORATION,
d/b/a CARNIVAL CRUISE LINES,

Defendant.
______________________________/

**OMNIBUS ORDER**

**THIS CAUSE** is before the Court upon Plaintiff Nadine Richards Hyman's ("Hyman") Motion to Alter or Amend Judgment, ECF No. [27], Motion for Leave to Conventionally File Surveillance Video, ECF No. [28], and Motion for Leave to File Second Amended Complaint, ECF No. [29]. Defendant Carnival Corporation ("Carnival") filed Responses in Opposition, ECF Nos. [30], [31], and [32], and Hyman filed a Reply in Support, ECF No. [35]. The Court has reviewed the Motions, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motions are denied.

## I. BACKGROUND

On July 28, 2026, this Court granted Carnival's Motion to Dismiss, ECF No. [21], and dismissed Hyman's Amended Complaint with prejudice. ECF No. [24]. In her Response in Opposition to Carnival's Motion to Dismiss, Hyman sought leave to amend her Complaint for a second time, ECF No. [22] at 7, but this Court denied her request because it was embedded within the Response, the deadline to amend pleadings had passed, and Plaintiff's First Amended Complaint was filed in response to Carnival's first Motion to Dismiss, premised in part, on the

lack of allegations sufficient to establish notice.

Hyman asks the Court to reconsider dismissal with prejudice based on two reasons: (1) excusable neglect; and (2) new evidence in the form of CCTV footage that was withheld by Carnival. ECF No. [27] at 2. In support of her Motion to Alter Judgment, Hyman filed a Motion to Conventionally File Surveillance Video, ECF No. [28], and filed a Motion for leave to File a Second Amended Complaint, ECF No. [29]. Carnival responds that it never concealed evidence and timely produced the CCTV footage during discovery in response to Hyman's discovery requests. ECF No. [30] at 2. Carnival further responds that Hyman's counsel's explanation that it "slipped" his mind to file a motion for leave to file a second amended complaint is not excusable neglect.

## II. LEGAL STANDARD

### A. Excusable Neglect

Pursuant to Rule 60, the Court may grant relief from a judgment or order upon several bases, including "mistake, inadvertence, surprise, or excusable neglect; ... or any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), (6). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). On the other hand, "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted). "It is well established, . . . that relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (internal citation and quotations omitted); *see also Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000) ("Federal courts grant relief under Rule

60(b)(6) only for extraordinary circumstances."). Ultimately, whether to grant relief under Rule 60(b) is a matter of discretion. *Aldana*, 741 F.3d at 1355 (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted)).

**B. Newly Discovered Evidence**

"While the Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, such a motion can be treated as either a Motion to Alter or Amend Judgment under Rule 59(e) or a Motion for Relief from Judgment under Rule 60(b)." *Dingman v. Cart Shield USA, LLC*, No. 12-cv-20088, 2013 WL 2034984, at *2 (S.D. Fla. May 14, 2013) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n. 5 (11th Cir. 1993)).

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Relief is proper under Rule 59(e) only if the party presents newly discovered evidence or demonstrates a manifest error of law or fact." *Marques v. JP Morgan Chase, N.A.*, 805 F. App'x 668, 670 (11th Cir. 2020) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

Under Federal Rule of Civil Procedure 60(b), "courts may relieve a party from a judgment or order on several grounds, including (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment is no longer in effect; and (6) 'any other reason that justifies relief.'" *Marques*, 805 F. App'x at 671 (quoting Fed. R. Civ. P. 60(b)). For a Rule 60(b) motion for relief from judgment to succeed under the catchall provision — Rule 60(b)(6) — the movant "must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a

matter for the district court's sound discretion.'" *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000)).

## III. DISCUSSION

### A. Excusable Neglect

Hyman argues she is entitled to relief because of her counsel's excusable neglect. ECF No. [27] at 11. Hyman's counsel indicates he prepared a separate motion to amend complaint, but in the revision process, it "slipped" his mind to file it. Carnival responds that Hyman's counsel's mere assertion that a motion slipped his mind is not excusable neglect. ECF No. [30] at 14. Carnival argues Hyman's counsel has not cited workload issues, a family or health emergency, or any other circumstance that could support a finding of excusable neglect.

Indeed, the Eleventh Circuit has held, "an attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if that attorney is preoccupied with other litigation." *Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986). Similarly, counsel's forgetfulness in failing to file a motion is not excusable neglect. Courts in this District have repeatedly held that clerical error is not excusable neglect. *See Sanchez v. GR Constr., LLC*, No. 24-CV-21338, 2024 WL 5264410, at *1 (S.D. Fla. July 22, 2024); *Zabala v. Integon Nat'l Ins. Co.*, No. 20-20751-CIV, 2020 WL 2129584, at *1 (S.D. Fla. May 5, 2020) ("[T]he inadvertent failure to calendar the motion to dismiss deadline was not excusable neglect."); *Sream, Inc. v. Ecstasy Fashion II, Inc.*, No. 18-CV-61216-BB, 2018 WL 10374693, at *2 (S.D. Fla. Sept. 19, 2018); *Moreiras v. Scottsdale Ins. Co.*, No. 20-CV-21303, 2020 WL 4793445, at *2 (S.D. Fla. Aug. 18, 2020); *Zurich Am. Ins. Co. v. European Tile & Floors, Inc.*, No. 8:16-cv-729-T-33AAS, 2017 WL 638640, at *3 (M.D. Fla. Feb. 16, 2017) ("overlooking deadlines . . . [is] within the movant's control and do[es] not constitute excusable neglect"). Moreover, counsel's failure to file a separate motion to amend was not the sole basis for dismissal

with prejudice. The deadline to amend the Complaint had passed and Hyman previously amended her Complaint in response to a Motion to Dismiss, premised in part, on the lack of allegations sufficient to establish notice. The Court finds Hyman has failed to meet her burden in establishing excusable neglect.

**B. Newly Discovered Evidence**

Hyman argues Carnival was required to produce CCTV footage consistent with Federal Rule of Civil Procedure 26(a)(1)(A)(ii). ECF No. [27] at 7. Hyman contends that Carnival's failure to provide the CCTV footage constitutes misconduct preventing Hyman from fully and fairly presenting her case. Hyman further argues that even if Carnival's failure to provide the footage was not misconduct, it still constitutes newly discovered evidence because she did not receive it until after the amendment deadline and the footage provides Hyman with the ability to plead factual allegations of notice, including the source of the water, length of time the water was on the floor, and number of employees who had an opportunity to see and do something about it.

Carnival responds that it timely produced the CCTV footage on June 17, 2026, more than a month before this Court entered its Order on the Motion to Dismiss. ECF No. [30] at 7. Carnival argues that, despite having this footage in her possession, Hyman never sought to amend her Complaint and Hyman conflates Carnival's obligation to preserve CCTV footage with an obligation to produce that footage to a prospective litigant before suit.

Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), the disclosing party is given a choice. It can either provide "a copy" or "a description by category and location" of documents, electronically stored information ("ESI"), and tangible things it may use to support its claims or defenses. Here, CCTV footage constitutes ESI so Carnival can satisfy its initial-disclosure obligation by describing the footage and where it is kept. Carnival was under no obligation to provide the footage within the time period Hyman claims. Indeed, to obtain the footage, on April

27, 2026, Hyman served Carnival with a Request for Production and requested Carnival provide "[a]ny and all photographs and/or videos depicting the subject incident itself." ECF No. [30-1]. On June 17, 2026, in response to the Request for Production, Carnival provided Hyman the CCTV footage. The disclosure was timely and Hyman was in possession of the footage for over one month before the Court issued the Order dismissing the Amended Complaint. The CCTV footage is therefore not newly discovered evidence. Curiously, Hyman replies, "Carnival asserts that its production of the CCTV footage was timely, and faults the Plaintiff for not seeking leave to amend the complaint based on the footage after receiving it. The answer to this question can be found in the Plaintiff's excusable neglect argument." ECF No. [35] at 3. However, forgetting to file a motion is not excusable neglect. As such, Hyman's Motion to Alter or Amend Judgment is denied. And because the Court denies the Motion to Alter, Hyman's Motions to Conventionally File Surveillance Video, and Motion for Leave to File Second Amended Complaint are denied as moot.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Hyman's Motion to Alter or Amend Judgment, **ECF No. [27]**, is **DENIED**.
2. Hyman's Motion to Conventionally File Surveillance Video, **ECF No. [28]**, is **DENIED as moot**.
3. Hyman's Motion for Leave to File Second Amended Complaint, **ECF No. [29]**, is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 13, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record